UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JULIAN HAYES,<br>    *Plaintiff*, | )<br>)<br>) |
|     *vs.* | )   1:15-cv-01880-JMS-TAB<br>) |
| WILLIAM R. HARR and FINSTER COURIER,<br>INC.,<br>    *Defendants*. | )<br>)<br>)<br>) |

### ORDER

Presently pending before the Court is Plaintiff Julian Hayes' Motion to Remand. [Filing No. 10.] For the following reasons, the Court **GRANTS** the motion.

### I.
#### BACKGROUND

On October 26, 2015, Mr. Hayes filed a Complaint in Indiana State Court against Defendants William Harr and Finster Courier, Inc. ("Finster"). [Filing No. 1-1.] In the Complaint, Mr. Hayes alleges that Mr. Harr was operating a tractor/semi-trailer on behalf of Finster on Interstate 465, when he attempted to merge into the lane in which Mr. Hayes was traveling. [Filing No. 1-1 at 2-3.] Mr. Hayes alleges that when Mr. Harr attempted to merge, the front portion of his tractor/semi-trailer collided with the left rear portion of Mr. Hayes' vehicle which caused Mr. Hayes to lose control, and the vehicle to spin and hit the tractor/semi-trailer and the median concrete barrier wall. [Filing No. 1-1 at 2.] Mr. Hayes appears to assert a negligence claim against Mr. Harr and a negligence claim based on respondeat superior against Finster. [Filing No. 1-1 at 2-3.] Mr. Hayes' Complaint alleges that he "sustained injuries, emotional distress, pain and suffering and was rendered temporary disabled," that "in an effort to treat his injuries and reduce his pain and suffering, [he] engaged in the medical care and treatment, thereby incurring expenses," and

that "due to his injuries and temporary disability, [he] incurred loss of income." [Filing No. 1-1 at 4.]

Mr. Harr and Finster removed the action to this Court on November 30, 2015, [Filing No. 1], and, in response to the Court's December 2, 2015 Order, filed an Amended Petition for Removal on December 3, 2015, [Filing No. 6]. In their Amended Petition, Mr. Harr and Finster allege that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Mr. Hayes is a citizen of Indiana, Mr. Harr is a citizen of Pennsylvania, Finster is a citizen of New Jersey, and "the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs." [Filing No. 6 at 2.]

On December 16, 2015, Mr. Hayes filed the pending Motion to Remand. [Filing No. 10.] In his motion, Mr. Hayes argues that the amount in controversy does not exceed $75,000. [Filing No. 10 at 1.]

## II.
### APPLICABLE STANDARD

Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," between citizens of different states. 28 U.S.C. § 1332(a)(1). "§ 1332 requires 'complete diversity,' meaning that no plaintiff may be from the same state as any defendant." *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 676 (7th Cir. 2006) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). Additionally, the amount in controversy must exceed "$75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Whether removal is proper is analyzed at the time of removal, "as that is when the case first appears in federal court." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

"[T]he removing party must establish any disputed aspect of diversity jurisdiction by offering 'evidence which proves to a reasonable probability that jurisdiction exists.'" *Smith v. Am. Gen. Life & Acc. Ins. Co., Inc.*, 337 F.3d 888, 892 (7th Cir. 2003) (quoting *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)); *see also Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824-25 (7th Cir. 2013) ("The removing defendant has the burden of proving the jurisdictional predicates for removal."). "If at any time…it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III.
#### DISCUSSION

In his Motion to Remand, Mr. Hayes argues that the requirements of diversity jurisdiction are not met because the amount in controversy does not exceed $75,000. [Filing No. 10 at 1.] Mr. Hayes asserts that "[n]o pre-lawsuit discovery was completed in this matter between the Plaintiff and Defendants regarding settlement demands or request for damage records," and that the removal "was pre-mature in not having conducted discovery to investigate the amount of this claim or even inquire as to Plaintiff's demand." [Filing No. 10 at 1.] Mr. Hayes also states that he submitted a settlement demand of $72,500 to Defendants on December 16, 2015 – after the Amended Petition for Removal was filed and the same day that he filed the Motion to Remand. [Filing No. 10 at 2.]

In response, Defendants state that on December 23, 2015, their counsel sent a letter to Mr. Hayes' counsel which stated that Defendants would agree to remand this matter back to the Marion Superior Court if Mr. Hayes would "provide[] assurance that he would not execute on any potential judgment over $75,000." [Filing No. 12 at 2.] Defendants state that they included a proposed covenant not to execute, but that Mr. Hayes' counsel advised "WE cannot agree to any agreement without payment.  Are you offering the $75,000?  If so, send a check." [Filing No. 12 at 2.]

Defendants argue that Mr. Hayes' "refusal to agree to the proposed covenant not to execute on any potential judgment over $75,000 clearly establishes that the amount in controversy exceeds $75,000." [Filing No. 12 at 2.]

Mr. Hayes did not file a reply.

Both parties rely heavily on events that took place after Defendants filed the Amended Petition for Removal – Mr. Hayes on his $72,500 settlement demand, and Defendants on Mr. Hayes' refusal to sign the covenant not to execute. But "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938); *see also Back Doctors Ltd. v. Metropolitan Property and Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("events after the date of removal do not affect federal jurisdiction, and this means in particular that a declaration by the plaintiff following removal does not permit remand").

This principle assumes, however, that the Court had jurisdiction over this matter in the first instance, upon the filing of the Amended Petition for Removal, and the Court concludes that it did not. It is well-settled that it is the removing party's burden to establish by a preponderance of the evidence that each requirement of 28 U.S.C. § 1332 has been met upon removal. *See, e.g.*, *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("Because Coke is the proponent of jurisdiction, it has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met"); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) ("That the proponent of jurisdiction bears the risk of non-persuasion is well established"). Here, Defendants have made no effort whatsoever to explain why they had a good faith

belief, at the time of removal, that the amount in controversy exceeded $75,000, exclusive of interest and costs. Indeed, their only statement in the Amended Petition for Removal regarding the amount in controversy is that "the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs." [Filing No. 6 at 2.] Defendants do not point to any evidence to support their statement.

Further, Mr. Hayes specifically argues in the Motion to Remand that Defendants did not complete any pre-lawsuit discovery, and that removal was premature without such discovery. [Filing No. 10 at 1.] But Defendants do not respond to Mr. Hayes' argument at all, and still do not present any evidence in their response brief to support their belief that the amount in controversy exceeded $75,000, exclusive of interest and costs, at the time of removal. [*See* Filing No. 12.] Instead, Defendants rely solely on post-removal events which, as discussed above, are irrelevant to the Court's analysis regarding whether removal was proper in the first place. Mr. Hayes has challenged Defendants' assertion that the amount in controversy exceeds $75,000, exclusive of interest and costs, and Defendants have failed to meet their burden of showing by a preponderance of evidence – evidence existing at the time of removal – that the amount in controversy requirement is met.

Courts rely on the parties to know what is best for them and to advance the facts and arguments that entitle them to relief. *See Greenlaw v. United States*, 554 U.S. 237, 243-44, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present….Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief"). Defendants had every opportunity to explain why they believed at the time of removal that the amount of controversy exceeded $75,000,

exclusive of interest and costs, but chose not to do so.  Accordingly, the Court finds that the removal was improper and that remand to the Marion Superior Court is necessary.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Mr. Hayes' Motion to Remand, [Filing No. 10], and **REMANDS** this matter to the Marion Superior Court.

Date:  January 20, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**